
FILED
OCT 31 2019
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-CR- |
| v. ) | |
| ) | JUDGE GREER |
| CHADWICK WAYNE DUNFORD ) | |

**PLEA AGREEMENT TO INFORMATION**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, CHADWICK DUNFORD, and the defendant's attorney, Nikki Pierce, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with the following offense:

(a) Count One, that is, the defendant, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess the following firearms: (1) Century Arms model PAPM922PV, 7.62 caliber AK-47 type pistol; (2) Ruger model AR556, 5.56 caliber rifle; (3) Silver Eagle model M-13, 12 gauge shotgun; and (4) Glock model 43, 9 millimeter pistol; which had been shipped and transported in interstate commerce.

The maximum punishment for this offense is as follows: a term of imprisonment up to 10 years, a $250,000 fine, up to three (3) years' supervised release, and a $100 mandatory assessment.

2. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), the defendant reserves the right to appeal the District Court's Order, filed as Document 35 in this case, denying his motion to suppress physical evidence filed as Document 29. However, as set forth in Paragraph 12 of this Plea Agreement, the defendant waives his right to appeal any other issue that arose at a pretrial

stage of this case, or that might have arisen at trial. The defendant has been fully advised and understands that if he prevails on appeal, he shall be allowed to withdraw his guilty plea. If the defendant does not prevail on appeal, however, he has no right to withdraw his plea of guilty.

3. In consideration of the defendant's guilty plea, the United States agrees to move the court at the time of sentencing, or when appropriate, to dismiss the indictment against the defendant in case number 2:19-CR-38.

4. The defendant has read the information, discussed the charge and possible defenses with defense counsel, and understands the crime charged.

5. In support of the defendant's guilty plea, the United States and the defendant agree and stipulate to the following facts, which satisfy the elements of the offenses. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a) On October 29, 2018, law enforcement agents from the Tennessee Bureau of Investigation (TBI), Elizabethton, Police Department (EPD) and Bureau of Alcohol, Tobacco, and Firearms (ATF), began an investigation concerning the defendant related to the defendant being a felon in possession of firearms. The defendant was also being investigated for making threats of violence to law enforcement officers and members of the Carter County District Attorney's Office via online Facebook social media posts.

    b) On October 30, 2018, agents executed a state search warrant at the defendant's residence located at 602 Stuart Drive, Apt 3, Elizabethton, TN 37643, and on the

defendant's vehicle, a 2018 Kia sedan, bearing Tennessee registration plate "PH1541". The defendant was detained while driving away from his residence in the aforementioned Kia sedan.

    c)  Agents seized two firearms from the defendant's vehicle; an AK-47 type pistol (Manufacture: Century Arms International, Georgia, VT, Model: PAPM922PV, caliber: 7.62, Serial No: M92PV030644) and an AR-15 rifle (Manufacture: Ruger, Model: AR556, caliber: 5.56 Serial No: 85100653). In addition to the firearms found in the vehicle, agents seized one ammunition magazine with thirty rounds of 7.62 caliber ammunition designed to fit the AK-47 type pistol, one ammunition magazine with thirty rounds of 5.56 caliber ammunition designed to fit the AR-15 rifle and fifteen rounds of 12-gauge ammunition.

    d)  Inside the defendant's residence, agents seized two additional firearms; a shotgun (Manufacture: Silver Eagle, Model: M-13, Caliber: 12 gauge, Serial No: 1312501) and a loaded semi-automatic pistol (Manufacture: Glock, Model: 43, Caliber: 9mm, Serial No: BDER352). In addition to the firearms, agents seized 1,505 rounds of various ammunition, a small quantity of marijuana, Schedule IV prescription medication (class: Benzodiazepine, generic name Alprazolam, brand name: Xanax), drug paraphernalia (scales, baggies, smoking pipes), eight ammunition magazines (two of which are considered "high-capacity" magazines) and various types of tactical equipment.

    e)  After being advised of his *Miranda* rights, the defendant admitted to possession of the firearms and to authoring the social media posts which had initiated the investigation.

    f)  The defendant admits and stipulates that at the time he possessed the firearms, he knew that he had been convicted of a crime punishable by imprisonment for a term

3

exceeding one year, specifically, the defendant was convicted on February 28, 2016 for aggravated assault in Tennessee.

       g)     An interstate nexus was performed on the firearms and agents determined that each firearm was manufactured outside of Tennessee and therefore traveled through interstate commerce. Further, each firearm is a modern firearms as contemplated by federal law.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    (a)    the right to be indicted by a grand jury for this crime;

    (b)    the right to plead not guilty;

    (c)    the right to a speedy and public trial by jury;

    (d)    the right to assistance of counsel at trial;

    (e)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    (f)    the right to confront and cross-examine witnesses against the defendant;

    (g)    the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    (h)    the right not to testify and to have that choice not used against the defendant.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

    (a)    The Court may impose any lawful term of imprisonment, any lawful fine(s), and any lawful term of supervised release up to the statutory maximum;

    (b)    The Court will impose special assessment fees as required by law; and

    (c)    The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to § 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to § 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (a) the victim(s) of any offense charged in this case (including dismissed counts); and (b) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a. If so requested by the United States, the defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form it provides and as

it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

   b.   The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   c.   If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the United States Attorney's Office to permit the United States Attorney's Office to obtain financial and tax records of the defendant.

12.   The defendant acknowledges that the principal benefits to the United States of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

   a)   The defendant will not file a direct appeal of the defendant's conviction or sentence except as provided in Paragraph 2 of this Plea Agreement. The defendant additionally retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

   b)   The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The

7

defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or received from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges that the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct contemplated by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even

8

Case 2:19-cr-00180-JRG-CRW   Document 2   Filed 10/31/19   Page 8 of 9   PageID #: 10

though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

10/30/2019
Date

By: _____
THOMAS MCCAULEY
Assistant United States Attorney

30/OCT/2019
Date

_____
CHADWICK DUNFORD
Defendant

10/30/19
Date

_____
NIKKI PIERCE
Attorney for the Defendant

9